# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **BETTY S. OLIVER,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 4:22-CV-1506-RDP |
| **WALMART, INC., et al.,** | } |
| **Defendants.** | } |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant Campolong Enterprises, Inc.'s Motion to Dismiss Second Amended Complaint. (Doc. # 39). The Motion has been fully briefed. (Docs. # 39, 41, 46). For the reasons discussed below, the Motion (Doc. # 39) is due to be denied without prejudice.

**I.      Factual Background**

On November 20, 2020, Plaintiff Betty S. Oliver was walking across the parking lot of Walmart Supercenter, Store #5113, in Pell City, Alabama when she stepped into a depression in the pavement covered by parking lot striping. (Docs. # 1-1 at ¶ 8; 28 at ¶ 6). When she stepped into the depression in the parking lot surface, Plaintiff fell forward and hit the ground, sustaining injuries. (Docs. # 1-1 at ¶ 8; 28 at ¶ 6).

On November 4, 2022, Plaintiff filed suit against Walmart, Inc., Wal-mart Real Estate Business Trust, and eighteen fictitious defendants in the Circuit Court of St. Clair County, Alabama. (Doc. # 1-1). On November 28, 2022, Walmart, Inc., and Wal-Mart Real Estate Business Trust removed the case to this court, invoking diversity jurisdiction under 28 U.S.C. § 1332. (Doc. # 1).

On May 18, 2023, Plaintiff filed her First Amended Complaint. (Doc. # 13). In the First Amended Complaint, Plaintiff substituted Defendant Landmark Paving, LLC d/b/a/ D.H. Striping, Company ("Landmark Paving") for one of the fictious defendants. (*Id.* at 1). The First Amended Complaint alleged that Walmart, Inc., and Wal-Mart Real Estate Business Trust contracted Landmark Paving to perform parking lot striping services at the Walmart Supercenter in Pell City, Alabama. (*Id.* at 7). It further alleged that Landmark Paving acted negligently and wantonly by applying paint over the asphalt depression in the parking lot, which concealed its existence and made the surface appear flat. (*Id.* at 8).

After filing the First Amended Complaint, Plaintiff was made aware that, before Plaintiff's injury, Landmark Paving sold D.H. Striping Company to Campolong Enterprises, Inc. ("Campolong"). (Doc. # 41 at 3). On September 11, 2023, Plaintiff voluntarily dismissed her claims against Landmark Paving without prejudice. (Docs. # 27, 29). That same day, Plaintiff filed a Second Amended Complaint, adding Campolong and Wal Mart Stores East, LP as Defendants. (Doc. # 28). The Second Amended Complaint alleges three causes of action: (1) Count I – Negligence/Wantonness against Defendants Walmart, Inc., Wal-Mart Real Estate Business Trust, and Wal Mart Stores East, LP; (2) Count II – Premises Liability against Defendants Walmart, Inc., Wal-Mart Real Estate Business Trust, and Wal Mart Stores East, LP; and (3) Count III – Negligence/Wantonness against Campolong. (*Id.*).

On February 12, 2024, Campolong moved to dismiss the Second Amended Complaint, alleging that the negligence and wantonness claims asserted against it are barred by the statute of limitations. (Doc. # 39).

**II.  Analysis**

Dismissal of a claim on statute-of-limitations grounds is proper only when it is "apparent from the face of the complaint that the claim is time-barred." *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. Feb. 21, 2024). Plaintiff's claims are all based on state law and federal jurisdiction in this case is based solely on diversity jurisdiction. Therefore, Alabama law provides the applicable statute of limitations for Plaintiff's claims against Campolong. *See Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945); *Miss. Valley Title Ins. Co. v. Thompson*, 802 F.3d 1248, 1251 n.2 (11th Cir. 2015) ("Pursuant to the *Erie* doctrine, a state's statutes of limitation are substantive in nature and must be applied in a suit based on diversity jurisdiction.").

The statute of limitations for negligence and wantonness claims in Alabama is two years. *See* Ala. Code § 6-2-38(l).[1] Because the incident giving rise to Plaintiff's injuries occurred on November 20, 2020, the statute of limitations for Plaintiff's claims expired on November 20, 2022. The Second Amended Complaint adding Campolong as a defendant was filed on September 11, 2023, and thus was filed after the expiration of Alabama's two-year limitations period. (Doc. # 28). The relevant question here is whether Plaintiff's Second Amended Complaint relates back to the filing of the initial Complaint on November 4, 2022, which fell within Alabama's limitation period. *See Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 962 (11th Cir. 2001).

Rule 15(c)(1) of the Federal Rules of Civil Procedure, which governs in this removed action, provides several avenues for establishing that an amendment to a pleading relates back to the original. *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). Notably, Rule 15(c)(1)(A) incorporates Alabama's relation back principles

---

[1] "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." Ala. Code § 6-2-38(l); *see also Ex parte Capstone Bldg. Corp.*, 96 So. 3d 77, 79 (Ala. 2012) (confirming that claims of wantonness are subject to the two-year statute of limitations found in Ala. Code § 6-2-38(l)).

because Alabama law supplies the statute of limitations for the claims. *See* Fed. R. Civ. P. 15(c)(1)(A) ("An amendment to a pleading relates back to the date of the original pleading when … (A) the law that provides the applicable statute of limitations allows relation back"). When state law supplies the applicable statute of limitations, a federal court applies the relation back rules of that state. *See Saxton*, 254 F.3d at 963 ("Rule 15(c)(1) allows federal courts sitting in diversity to apply relation-back rules of state law where, as here, state law provides the statute of limitations for the action."); *see also Allums v. City of Birmingham*, 2012 WL 9245730, at *7 (N.D. Ala. 2012) ("Alabama's statute of limitations applies in this case. Accordingly, the court must look at [Alabama's] relation back rules."). Therefore, because Alabama law supplies the statute of limitations in this case, Alabama's relation back rules govern whether Plaintiff's claims against Campolong related back to the date of the original complaint.

Rule 15(c) of the Alabama Rules of Civil Procedure sets out four ways in which an amended pleading can relate back to the original:

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when:
>
> > (1) relation back is permitted by the law that provides the statute of limitations applicable to the action; or
> >
> > (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, except as may be otherwise provided in Rule 13(c) for counterclaims maturing or acquired after pleading; or
> >
> > (3) the amendment, other than one naming a party under the party's true name after having been initially sued under a fictitious name, changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the applicable period of limitations or one hundred twenty (120) days of the commencement of the action, whichever comes later, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake

> concerning the identity of the proper party, the action would have been brought against the party; or
>
> (4) relation back is permitted by principles applicable to fictious party practice pursuant to Rule 9(h).

Ala. R. Civ. P. 15(c)(1)-(4).

A significant portion of Campolong's Motion to Dismiss is devoted to describing the fictious-party pleading practice allowed under Alabama Rules of Civil Procedure 15(c)(4) and 9(h). (Doc. # 39 at 4-6). As Rule 15(c) makes clear, relation-back procedures differ vastly depending on if the amended pleading involves replacing a fictitious defendant or an incorrectly named defendant. The Alabama Court of Civil Appeals aptly summarized this distinction in a 2012 decision:

> Unlike some, if not indeed most, jurisdictions, Alabama has two alternative kinds of relation back of amendments as to parties. One is the ordinary, unpredicated kind of relation back [provided for in Rule 15(c)(3)] and familiar to the attorneys of perhaps every other jurisdiction. The other is, from the national point of view, a perhaps less familiar kind of relation back. Known as "fictitious party practice" or "Doe practice," it is predicated upon the allegation of fictitious names in the pre-bar pleading [*i.e.*, pleading filed before the statute of limitations has run,] which a party now wishes to amend. Rule 15(c) addresses both kinds of relation back, but the requirements for changing parties and the requirements for substituting fictitious parties … are quite different. Thus, an amendment which changes a party under Rule 15(c)(3) relates back only if the requirements of that provision are satisfied, while an amendment which substitutes a true name for a fictitious name under Rule 15(c)(4) relates back only when the requirements of Rule 9(h) are satisfied.

*Mitchell v. Thornley*, 98 So. 3d 556, 560-61 (Ala. Civ. App. 2012) (quoting Jerome A. Hoffman, *Alabama Civil Procedure* § 4.26 (3d ed. 2008)).

The original complaint in this matter included both named parties and fictitious parties. (Doc. # 1-1). Therefore, before the court can consider whether Plaintiff's claims against Campolong relate back to the original complaint, the court must determine which relation back

5

rule governs those claims. Alabama state law and the Committee Comments on the 1973 Adoption of Rule 15 are instructive:

> The Committee Comments on the 1973 Adoption of Rule 15, Ala. R. Civ. P., indicate that the provisions of Rule 15(c)(3) "permit[] an amendment to relate back which *substitutes the real party in interest for a named plaintiff*" … Such an amendment, which changes a named party, relates back only if the requirements of Rule 15(c)(3) are met. Conversely, an amendment merely substituting a real party for a fictitiously named party relates back if the provisions of Rule 9(h) are satisfied.

*Mitchell*, 98 So. 3d at 561 (citing Committee Comments on 1973 Adoption of Ala. R. Civ. P. 15) (emphasis in original).

Plaintiff's original complaint alleged claims against Walmart, Inc., Wal-mart Real Estate Business Trust, and eighteen fictitious defendants, including Fictitious Defendant No. 18, "the person, firm, partnership or corporation charged with the … duty or contracted to assumed said duty of … painting … the premises at question in this lawsuit and whose breach caused or contributed to cause the injuries and damages to Plaintiff…". (Doc. # 1-1). On May 18, 2023, Plaintiff filed her First Amended Complaint, which substituted Landmark Paving for one of the fictious defendants. (Doc. # 13 at 1). This was proper under Rule 9(h) of the Alabama Rules of Civil Procedure:

> When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.

Ala. R. Civ. P. 9(h). The First Amended Complaint alleged that Walmart, Inc., and Wal-Mart Real Estate Business Trust contracted Landmark Paving to perform parking lot striping services at the Walmart Supercenter in Pell City, Alabama, and that Landmark Paving acted negligently and wantonly by applying paint over the asphalt depression in the parking lot, which concealed its

existence and made the surface appear flat. (Doc. # 13 at 7-9). Therefore, the First Amended Complaint substituted Landmark Paving for Fictitious Defendant No. 18.

After filing the First Amended Complaint, Plaintiff learned that Landmark Paving sold D.H. Striping Company to Campolong before Plaintiff's fall occurred. (Doc. # 41 at 3). As a result, Plaintiff voluntarily dismissed her claims against Landmark Paving and filed a Second Amended Complaint that added Campolong and Wal Mart Stores East, LP as defendants. (Docs. # 27-29). Notably, the Second Amended Complaint does not allege that Campolong <u>replaces</u> either a fictitious defendant or Landmark Paving. (Doc. # 28). But, Plaintiff acknowledges that Campolong -- not Landmark Paving -- was the proper party defendant all along. (Doc. # 41 at 3). The Supreme Court of Alabama has previously held that Rule 15(c)(3) "applies to a plaintiff's attempt to amend in order to correctly identify a defendant included in or contemplated by the plaintiff's original complaint." *Ex parte Gray*, 308 So. 3d 4, 8 (Ala. 2020) (internal citations omitted). That is precisely what occurred here. Campolong was named as a defendant in place Landmark Paving. Therefore, the relation back procedure of Alabama Rule 15(c)(3) controls this case. *See Mitchell*, 98 So. 3d at 561; *Oakley v. Cepero Trucking, Inc.*, 2020 WL 6828743, at *4 (M.D. Ala. 2020) (stating that Federal Rule 15(c)(1)(C) and, in turn, Alabama Rule 15(c)(3) applies when a plaintiff "'redirect[s] an existing claim toward a different party, and drop[s] the original party.'") (quoting *Stewart v. Bureaus Inv. Grp., LLC*, 309 F.R.D. 654, 659 (M.D. Ala. 2015)).

Campolong devotes substantial portions of its brief to analyzing Alabama Rule of Civil Procedure 9(h) and arguing that the claims against it should be dismissed because Plaintiff did not properly substitute Campolong for a fictitious party. (Doc. # 39 at 3-6). But, as discussed above, the purpose of Plaintiff's Second Amended Complaint was not to replace a fictitious party, but instead to correctly identify a misnamed party. This requires an entirely different analysis than the

7

one briefed by Campolong. Therefore, the relevant question here is whether Plaintiff's amendment to correctly identify a misnamed defendant relates back under Rule 15(c)(3).

Rule 15(c)(3) provides three criteria that must be met before an amended complaint can relate back to an original complaint. Ala. R. Civ. P. 15(c)(3); *see also Ex parte Gray*, 308 So. 3d at 8. First, the claim asserted in the amended complaint must meet the criteria specified in Rule 15(c)(2), *i.e.*, the claim in the amended complaint "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Ala. R. Civ. P. 15(c)(2)-(3). Second, "within the applicable period of limitations or one hundred twenty (120) days of the commencement of the action, whichever comes later, the party to be brought in by amendment" must have "received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits." *Id.* at 15(c)(3). Finally, within that same time frame, the party to be added must know or should have known "that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." *Id.*

To be sure, the negligence and wantonness claims asserted against Campolong clearly arose out of the same occurrence as the claims set forth in the original complaint: Plaintiff's fall in the parking lot. As a result, the first prong of the Rule 15(c)(3) analysis is easily satisfied. However, the same cannot be said about the second and third prongs.

As noted above, dismissal of a claim on statute-of-limitations grounds is proper only where it is "apparent from the face of the complaint that the claim is time-barred." *Wainberg*, 93 F.4th at 1224. The court cannot say, one way or the other, on these pleadings when Campolong received notice of this action or whether it was aware of some mistake concerning its identity. Discovery may reveal that Campolong did not know that it was the proper defendant until over 120 days after the filing of Plaintiff's complaint. But, whether Campolong lacked this notice is not readily

8

apparent from the face of the Second Amended Complaint. Therefore, at this point in the litigation, the court cannot say with certainty whether the negligence and wantonness claims in Plaintiff's Second Amended Complaint do or do not relate back to the original complaint. As a result, the court cannot dismiss the claims against Campolong as time-barred at the motion-to-dismiss stage.

### III. Conclusion

For the reasons discussed above, Defendant Campolong's Motion to Dismiss Second Amended Complaint (Doc. # 39) is **DENIED WITHOUT PREJUDICE**. Campolong's motion may be renewed, if appropriate, after development of a Rule 56 factual record.

In addition, on July 16, 2024, the parties filed a Proposed Amended Scheduling Order. (Doc. # 49). The Proposed Amended Scheduling Order requests a conference with the court before entry of the proposed scheduling order. (*Id.* at 2). This case is **SET** for a scheduling conference at **11:00 A.M.** on **Thursday, August 1, 2024**, in chambers of the undersigned located at the Hugo L. Black United States Courthouse, 1729 5th Avenue North, Room 882, Birmingham, Alabama. Out of town counsel may participate in the conference via telephone by dialing **866-434-5269** at the scheduled time. The access code is **6022965.**

**DONE** and **ORDERED** this July 23, 2024.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE